CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JAN 2 6 2007

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| CHRISTINE S. DANOS,<br>Petitioner, | )<br>) Civil Action No. 7:06CV00480 |
| v. | ) <u>MEMORANDUM OPINION</u> |
| UNITED STATES OF AMERICA,<br>Respondent. | ) By: Hon. Glen E. Conrad<br>) United States District Judge |

Christine S. Danos, a federal inmate proceeding pro se, filed this action as a motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255. The case is presently before the court on the respondent's motion to dismiss. For the following reasons, the court will grant the respondent's motion.

## Background

On December 22, 2004, Danos and seven other defendants were charged in a two-count indictment returned by a grand jury in the Western District of Virginia. Count One charged Danos with conspiring to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. § 846. The indictment contained several special findings related to this charge, including a finding regarding the quantity of cocaine base attributable to Danos and the other defendants, as well as a finding regarding the possession of firearms in furtherance of the conspiracy.

On May 3, 2005, Danos pled guilty to Count One of the indictment, pursuant to a written plea agreement. Under the terms of the agreement, the United States agreed to recommend a three-level reduction for acceptance of responsibility, as well as a sentence at the low to middle range of the applicable sentencing guidelines. (Plea Ag. at 3-4). Additionally, the United States agreed to consider a substantial assistance motion under Section 5K1.1 of the United States Sentencing Guidelines. (Plea Ag. at 7-9).

In exchange, Danos agreed to "waive [her] right to collaterally attack, pursuant to Title 28, United States Code, Section 2255, the judgment and any part of the sentence imposed upon [her] by the court." (Plea Ag. at 6). Danos also, in a separate section, agreed to waive "any claim [she] may have for ineffective assistance of counsel known and not raised by [her] with the court at the time of sentencing." (Plea Ag. at 11). Additionally, Danos agreed to waive her right to appeal "sentencing guidelines issues." (Plea Ag. at 6). Because the agreement was negotiated after the United States Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), Danos and the United States mutually agreed that the special findings included in the indictment would not be binding on the court, and that the court would make any factual findings at the sentencing hearing under a preponderance of the evidence standard. (Plea Ag. at 4, 6).

Danos initialed every page of the plea agreement, including the page containing the waiver of collateral-attack rights. By signing the plea agreement, Danos affirmed that she had read the plea agreement, that she had carefully reviewed every part of the agreement with her attorney, that she understood the agreement, and that she was voluntarily agreeing to its terms. (Plea Ag. at 12).

United States Magistrate Judge B. Waugh Crigler conducted a thorough plea colloquy during the Rule 11 hearing. Danos stated under oath that she was a high school graduate "with some college," and that her reading and comprehension skills were not impaired by any illness or substance. (Plea Hearing Tr. at 3). The magistrate judge established that Danos was aware of the charge against her, that she understood that the charge carried a "mandatory minimum of ten years," and that she understood how the United States Sentencing Guidelines might apply in her case. (Tr. at 4).

2

The magistrate judge also questioned Danos regarding her understanding of the plea agreement. Danos affirmed that she understood the agreement, that she knew that she was waiving her right to appeal any sentencing guidelines issues, and that she knew that she was "waiving [her] right to challenge [her] conviction or [her] sentence in some other court at some other time." (Tr. at 8-9). Additionally, the magistrate judge specifically inquired as to whether Danos was voluntarily pleading guilty and as to whether she was satisfied with her attorney's representation. Danos affirmed that she was satisfied with the services provided by her attorney, that her attorney's assistance had been effective, that no one had forced her to enter into the plea agreement, and that no one had made any promises other than those included as terms of the plea agreement. (Tr. at 10-11). Despite all of the magistrate judge's questions, Danos stated that she still wanted to plead guilty. (Tr. at 11). At the conclusion of the hearing, the magistrate judge asked Danos whether she had anything she wanted to say. Danos responded in the negative. (Tr. at 13).

On May 13, 2005, the magistrate judge issued a report in which he recommended that the court accept Danos's guilty plea. The magistrate judge found that Danos was fully competent and capable of entering an informed plea, that Danos was aware of the nature of the charge and the consequences of her plea, and that Danos's plea was knowing and voluntary. Danos subsequently objected to the report to the extent that it suggested that she pled guilty to the special findings included in the indictment. On November 28, 2005, the court issued an opinion and order sustaining Danos's objection, and adopting the magistrate judge's report as modified to reflect that Danos did not admit to the conduct charged in the indictment's special findings.

On June 13, 2005, a presentence investigation report was prepared by the probation

3

officer assigned to Danos's case. The probation officer determined that Danos should be held accountable for at least 1.5 kilograms of cocaine base, resulting in a base offense level of 38. See U.S.S.G. § 2D1.1(c)(1) (2004). The probation officer applied a two-level upward adjustment for the possession of firearms in furtherance of the conspiracy, pursuant to U.S.S.G. § 2D1.1(b)(1) (2004), and a three-level downward adjustment for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1 (2004). Thus, Danos had a proposed total offense level of 37. Based on this total offense level and a criminal history category of III, the probation officer determined that the applicable range of imprisonment under the sentencing guidelines was 262 to 327 months. See U.S.S.G. Ch. 5, Part A (2004).

The court held a sentencing hearing on December 12, 2005. During the hearing, the court asked Danos's attorney whether Danos had any objections "to any of the factual findings made by the probation officer in the report." (Sentencing Tr. at 3). The attorney indicated that Danos did not have any objections. (Tr. at 3). Thus, the court adopted the presentence report in its entirety, and determined that Danos was subject to a range of imprisonment of 262 to 327 months under the "advisory guidelines." (Tr. at 4). The United States subsequently moved for a downward departure under § 5K1.1 of the United States Sentencing Guidelines and 18 U.S.C. § 3553(e), based on Danos's substantial assistance. Upon hearing testimony regarding Danos's efforts to assist law enforcement officers, the court granted the government's motion and sentenced Danos to a significantly lower term of imprisonment of 120 months. (Tr. at 18). Before the court pronounced the sentence, Danos was given the opportunity to address the court. (Tr. at 14). At that time, Danos did not express any desire to withdraw from the plea agreement, or voice any complaints regarding the quality and effectiveness of her attorney's representation.

Instead, Danos apologized "to everyone in [the] room," and thanked the officer who testified in support of the substantial assistance motion for "saving [her] life." (Tr. at 14-15). Danos did not appeal her conviction or sentence.

Danos filed the instant § 2255 motion on August 6, 2006. Liberally construed, the motion raises the following claims:

1. The Assistant United States Attorney engaged in prosecutorial misconduct by advising her, prior to sentencing, that she had to choose between objecting to the presentence investigation report and receiving a § 5K1.1 motion;

2. Her attorney was ineffective for advising her to waive any objections to the presentence investigation report in exchange for receiving a § 5K1.1 motion;

3. The court erred by enhancing her sentence on the basis of facts that were not found by a jury or agreed to in the plea agreement; and

4. The United States breached the plea agreement "by urging the court to enhance [her] sentence by using [the] 'special findings'" paragraphs set forth in the indictment.

The United States filed a motion to dismiss on November 13, 2006. The United States argues that the § 2255 motion must be dismissed because Danos specifically waived the right to collaterally attack her conviction and sentence. Danos filed a response to the motion to dismiss on January 9, 2007. Danos argues that she did not understand the waiver when she signed the plea agreement, and that her attorney failed to explain the "ramifications" of the waiver.

## Discussion

1. Danos's § 2255 waiver is valid.

The United States Court of Appeals for the Fourth Circuit has held that a waiver of collateral-attack rights is valid as long as the waiver is knowingly and voluntarily made. United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005). The determination of whether a

5

waiver is knowing and voluntary depends "upon the particular facts and circumstances surrounding the case, including the background, experience and conduct of the accused." United States v. Davis, 954 F.2d 182, 186 (4th Cir. 1992). The Fourth Circuit has emphasized that "a defendant's solemn declarations in open court affirming [a plea] agreement ... 'carry a strong presumption of verity.'" United States v. White, 366 F.3d 291, 295 (4th Cir. 2004) (quoting Blackledge v. Allison, 431 U.S. 63, 74 (1977)). Thus, "in the absence of extraordinary circumstances, allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always 'palpably incredible' and 'patently frivolous or false.'" Lemaster, 403 F.3d at 221 (quoting Crawford v. United States, 519 F.2d 347, 350 (4th Cir. 1975)). If a district court determines that a petitioner knowingly and voluntarily waived her collateral-attack rights, and that the petitioner's claims fall within the scope of that waiver,[1] the court must dismiss the § 2255 motion without addressing the merits of those claims. See Id. at 222.

Having reviewed the record in this case, the court agrees with the United States that Danos knowingly and voluntarily waived her right to collaterally attack her conviction and sentence. Danos initialed every page of the plea agreement, including the page containing the waiver of collateral-attack rights. By signing the plea agreement, Danos affirmed that she had

---

[1] The Fourth Circuit has recognized a narrow class of claims that fall outside the scope of a valid waiver of appellate or collateral-attack rights. Issues that a defendant could not reasonably have foreseen when entering into a plea agreement, such as the complete denial of counsel at any stage of the proceedings following the entry of the plea, the imposition of a sentence above the statutory maximum, or the imposition of a sentence based on an constitutionally impermissible factor such as race, fall outside the scope of the waiver. See United States v. Blick, 408 F.3d 162, 171 (4th Cir. 2005); United States v. Attar, 38 F.3d 727, 732 (4th Cir. 1994); LeMaster, 403 F.3d at 220 n. 2; United States v. Embree, 169 Fed. Appx. 761, 762 (4th Cir. 2006).

Case 7:06-cv-00480-GEC-mfu Document 13 Filed 01/26/07 Page 6 of 9 Pageid#: 204

carefully reviewed the agreement with her attorney and that she understood the plea agreement's terms. Moreover, during the plea hearing, Danos affirmed that she understood the agreement, that she knew that she was waiving her right to appeal any sentencing guidelines issues, and that she knew that she was "waiving [her] right to challenge [her] conviction or [her] sentence in some other court at some other time." (Tr. at 8-9). Danos also testified that she was satisfied with her attorney, that her attorney's assistance had been effective, and that she was voluntarily agreeing to the plea agreement's terms. (Tr. at 10-11).

Danos's testimony at the plea hearing conclusively establishes that she understood the terms of the plea agreement, including the waiver of collateral-attack rights, and that her guilty plea was made knowingly and voluntarily. Although Danos now alleges that she did not understand the waiver and that her attorney failed to adequately explain it, Danos's allegations directly contradict her affirmations in the plea agreement and her sworn statements during the plea hearing. Consequently, the court concludes that these allegations are "palpably incredible and patently frivolous or false," Lemaster, 403 F.3d at 222, and that the waiver of collateral-attack rights is valid and enforceable.

2. The plea agreement was not breached.

As previously stated, the indictment in the criminal case contained several special findings, including a finding regarding the quantity of cocaine base attributable to Danos and the other defendants, as well as a finding regarding the possession of firearms.[2] However, in the plea

---

[2]Specifically, the grand jury found that the defendants conspired to distribute or possess with the intent to distribute more than 1.5 kilograms of a mixture or substance containing cocaine base, and that the defendants possessed firearms or were responsible for the firearms possessed by other defendants in furtherance of the conspiracy.

7

agreement, which was negotiated after the Booker decision, Danos and the government mutually agreed to recommend that the court disregard the special findings, and that the court "impose a sentence based on the court's fact-finding at the sentencing hearing, using a 'preponderance of the evidence' standard." (Plea Ag. at 4).

Danos now claims that the government breached the plea agreement at the sentencing hearing "by urging the court to enhance [her] sentence by using [the] 'special findings.'" in the indictment. However, this argument is without merit. The government, at no time, argued that the grand jury's special findings could be used to enhance Danos's sentence. Instead, the court adopted the factual findings set forth in the presentence investigation report. Since Danos did not object to the report's factual findings at the sentencing hearing, "the government [met] its burden of proving those facts by a preponderance of the evidence," and the court was "free to adopt the findings ... without more specific inquiry or explanation." United States v. Revels, 455 F.3d 448, 451 n. 2 (4th Cir. 2006) (internal citations omitted); see also United States v. Sanders, 189 Fed. Appx. 207, 210-211 (4th Cir. 2006) (holding that the district court did not err in adopting the findings in the presentence report regarding drug quantity, where the defendant did not object to the report's findings). Thus, the plea agreement was not breached, and this claim must be dismissed.

3. Danos's remaining claims are barred by the waiver.

The court has already determined that Danos's guilty plea and waiver of collateral-attack rights were knowing and voluntary, and that the plea agreement was not breached. Because none of Danos's remaining claims challenge the validity of the plea agreement or fall within the narrow class of claims that have been found to fall outside the scope

8

of a valid waiver,[3] the remaining claims must also be dismissed.

## Conclusion

For the reasons stated, the court will grant the respondent's motion to dismiss. The Clerk is directed to send certified copies of this opinion and the accompanying order to the petitioner and counsel of record for the respondent.

ENTER: This 26th day of January, 2007.

/s/ Jack Conrad
United States District Judge

---

[3] See footnote 1, infra.